IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF                    :

LOURDES CUBERO GONZALEZ            :      CASE NO. 01-06844 (SEK)
    DEBTOR                          :      CHAPTER 7
---------------------------------   :
LOURDES CUBERO GONZALEZ            :

    PLAINTIFF                       :      ADV. PROC. 04-0266

    VS.                             :

DORAL FINANCIAL CORP.              :

    DEFENDANT                       :
---------------------------------

**FILED & ENTERED**

**1 6 AUG 2005**

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

OPINION AND ORDER

Before this Court is a Motion to Dismiss filed by Doral Finanacial Corp. ("Doral"), claiming the complaint for violation of the discharge injunction is time barred and/or that Debtor incurred in laches.  For the reasons that follow, the Motion to Dismiss is denied.

### Background

Debtor filed a Chapter 7 bankruptcy petition on June 14, 2001. Doral was included as a secured creditor in the schedules and master address list and duly notified of the filing.

Afterwards, Doral filed a suit for foreclosure of mortgage over real property and collection of money in State Court on September 10, 2001. The complaint requested a judgment including the sale and foreclosure of any property which may provide payment for any deficiencies or unsecured amounts, once the realty was sold at a public auction.

Meanwhile, in Debtor's bankruptcy case, the discharge was entered on January 10, 2002 and the case was closed.  The record shows that no objections to discharge were filed.



2

On April 20, 2003, a summary judgment was entered against Debtor in the state court proceedings, which according to Court documents, was notified on October 31, 2003. Debtor alleges receiving notice of the judgment on May 28, 2004.

Consequently, Debtor requested reopening of the bankruptcy case and filed the present complaint for violation of discharge injunction against Doral on November 10, 2004.

Doral avers the complaint should be dismissed as there is no provision in the Bankruptcy Code upon which debtor can base her request for compensation for damages as requested in the complaint. Bankruptcy Code § 524 does not grant a private right of action, nor state a statute of limitations. Therefore, we must invoke the statute of limitations of one year applicable to tort claims under state law, and find this adversary proceeding is time barred.

Doral alternate argument alleges the complaint is barred by laches as debtor was aware of the foreclosure proceeding since November 30, 2001, but failed to file the complaint until November 10, 2004.

### Discussion



Upon the entry of discharge, § 524 of the Code states in part that "any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, ... of this title,..." is void. 11 U.S.C. § 524(a). The First Circuit in <u>Bessette v. Avco</u>, 230 F.3d 439 (1st Cir. 2000), held that the Courts have the power to enforce the discharge injunction of § 524 through

3

§ 105 of the Code, and to impose monetary relief such as actual damages, attorney fees and punitive damages. Therefore, Doral's assertion that there is no provision in the Code that allows Debtor's request and that we must invoke the statute of limitations under state tort law is incorrect.

Furthermore, the language in § 350(b)[1] and in Bankruptcy Rule 5010[2] give the Courts broad discretion and do not impose time restrictions or limitations on the reopening of a case to accord relief to the debtor.[3] We find no provisions in the Code or Rules that bar Debtor's cause of action as untimely.

On the other hand, the equitable and affirmative defense of laches is available to the defendant.[4] The First Circuit has



---

[1] Under §350(b) of the Code, the Debtor may reopen a case in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause. This includes reopening the case "to enforce the discharge injunction of §524(a) after a creditor has attempted to collect a discharged debt. ... If a motion to reopen is required in such circumstances, it should be granted as a matter of course; only rarely should the bankruptcy court decline to exercise its jurisdiction to enforce rights arising under the Bankruptcy Code." See 3 Collier On Bankruptcy (15 ed. rev.) ¶350.03[4].

[2] Federal Rule of Bankruptcy Procedure 5010 states in part: "A case may be reopened on motion of the debtor or other party in interest pursuant to §350(b) of the Code. ..."

[3] See 3 Collier On Bankruptcy (15 ed. rev.) ¶350.03[1].

[4] "Subsection (b) permits reopening of the case to administer assets, to accord relief to the debtor, or for other cause. Though the court may permit reopening of a case so that the trustee may exercise an avoiding power, laches may constitute a bar to an action that has been delayed too long." H.R. REP. NO. 595, 95th Cong., 1st Sess. 338 (1977); S. REP. NO. 989, 95th Cong., 2d Sess. 49 (1978). See also Beaty v. Selinger (In re Beaty, 306 F.3d 914 (9th Cir. 2002).

4

stated that laches is an equitable remedy that "bars assertion of a claim where a party's delay in bringing suit was 1) unreasonable, and 2) resulted in prejudice to the opposing party. ... When a plaintiff brings suit within the limitation period, a defendant claiming laches has the burden of proving both unreasonableness of the delay and the occurrence of prejudice." K-Mart Corp. v. Oriental Plaza, Inc., 875 F.2d 907, 911 (1st Cir. 1989). Furthermore, "the defense of laches, although similar to a limitations defense, involves more than the mere lapse of time and depends largely upon questions of fact. Thus a complaint seldom will disclose undisputed facts clearly establishing the defense of laches and a motion to dismiss generally is not a useful vehicle for raising the issue..." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice And Procedure § 1277 (2d ed. 1987).

Here, Doral has not met his burden of showing prejudice suffered by Debtor's alleged laxity in filing the complaint. Lastly, questions of fact remain that will not allow us to decide if Debtor incurred in laches via a motion to dismiss.[5]

WHEREFORE, the motion to dismiss filed by Doral is denied. The Clerk shall schedule a pre-trial hearing during the month of November.

SO ORDERED, in San Juan, Puerto Rico, on August 16, 2005.

SARA DE JESUS
U.S. Bankruptcy Judge



---

[5] Murphy v. Timberlane, 973 F.2d 13 (1st Cir. 1992); Gonzalez v. United States, 257 F.3d 31 (1st Cir. 2001).